UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| PAUL L. MUCKLE and | ) | |
| IRENE WOOD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 07-11437-DPW |
| | ) | |
| FREMONT INVESTMENT & LOAN, | ) | |
| ASC/WELLS FARGO, U.S. BANK | ) | |
| NATIONAL ASSOC., SG MORTGAGE | ) | |
| SBAC, ET AL | ) | |
| | ) | |
| Defendants. | ) | |


| | | |
|---|---|---|
| PAUL L. MUCKLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 09-10678-DPW |
| | ) | |
| UNITED STATES OF AMERICA, ET AL | ) | |
| | ) | |
| Defendants. | ) | |


MEMORANDUM AND ORDER
March 31, 2010

In these two cases a pro se plaintiff, Paul Muckle,
purporting in one case to proceed on behalf of himself and his
mother Irene Wood and in the other on behalf of the public
generally, challenges mortgage loan practices in the United
States.  His complaints are alternatively specific and general.

-1-

In 07-11473, he names as defendants companies responsible for the loans obtained by his mother - but not him - to finance a house located at 35 Newbury Street in Brockton, where he - but not his mother - has been living.

In 09-10678, he names as defendants the current and the last Presidents of the United States, several Treasury Secretaries, two SEC Chiefs and the Governors of the 50 states.

Having deferred ruling on dispositive motions or otherwise disposing of 09-10678 through the screening mechanism afforded by 28 U.S.C. § 1915 - in the vain hope that some practical resolution of the specific issues could be worked out regarding the Brockton property - I now address the complaints as a matter of law and will order judgment for the defendants in 07-11437 and dismissal of 09-10678.

While I have permitted Muckle informally to appear on behalf of his mother to pursue the claims in 07-11437 through the tortured and torturous travel of the case, I must now confront the legal principle that he is without standing to pursue claims either for himself or his mother in 07-11437. He is not a signatory to the underlying agreements at issue; indeed, it was because he had inadequate credit that his mother obtained the loans in her own name. He may not bring a claim when he was not a party to the loan agreements. *See generally Coraccio v. Lowell Five Cents Savings Bank*, 415 Mass. 145 (1993). And while Muckle

apparently has a power of attorney signed by his mother, that
document does not authorize him to engage in the practice of law
in this court as her counsel in this case.

Even if standing were available to Muckle, both he and his
mother face a separate disabling legal hurdle to this litigation:
the claims in 07-11437 are barred by principles of collateral
estoppel.  The grievance of the claims as to the Brockton
property were initially asserted in the Massachusetts state court
in an action that Muckle agreed to dismiss with prejudice.  The
First Circuit has recognized that voluntary dismissal of cases
with prejudice in state court collaterally estops reassertion of
such claims in federal court.  *See generally, Barreto-Rosa v.
Varona-Mendez*, 470 F.3d 42 (1st Cir. 2006); *Diversified Foods,
Inc. V, First Nat'l Bank*, 985 F.2d 27 (1st Cir. 1993).
Principles of res judicata bar plaintiffs from bringing in this
court any claims they could have brought in the state court based
upon the same set of facts and circumstances.

As to the merits of the several statutory claims
identifiable in the largely unintelligible complaint in 07-11437,
it appears that they are time barred under federal law.  Claims
under both the federal Truth in Lending Act ("TILA")  and the
Massachusetts parallel, the Consumer Credit Cost Debt Disclosure
Act ("CCCDDA") must be asserted in a timely fashion.  For
example, even if TILA were applicable given the availability of

-3-

CCCDDA, a rescission claim must be made within three days of the contested transaction when, as here a receipt of notice of the right to rescind is not meaningfully disputed.  The closing for the Brockton property was May 5, 2006 and this action was not initiated until more than a year later on August 6, 2007.  The one year time bar for TILA damages is similarly applicable.[1]

The complaint fairs no better under the Real Estate Settlement Procedures Act ("RESPA").  Here also the one year statute of limitations running from the closing is a bar to any claim.  Nor can the complaint find an actionable claim under the Home Ownership and Equity Protection Act ("HOEPA") which is inapplicable to a purchase money mortgage such as that obtained by Wood.

The complaint cannot bootstrap a private right of action out of a consent decree entered into by defendant Fremont and its affiliates in other litigation involving other parties, nor does Ch. 93A create a cause of action in the absence of a cognizable underlying claim of unfair practices, particularly here where no Chapter 93A demand letter was served.

The plaintiffs have benefitted for some time from the pendency of this litigation in forestalling foreclosure of

---

[1] I recognize that a claim under CCCDDA has a longer statue of limitations, however, and that the CCCDDA limitations period is four years.  *See generally Rodriguez v. Members Mortgage*, 323 F. Supp. 202, 210-11 (D. Mass. 2004).  Consequently, a CCCDDA claim is arguably not time barred here.

property obtained by false statements by Wood regarding her income and intent to reside in the Brockton property.  Given the lack of standing for Muckle himself, the res judicata bar to this action and the absence of a cognizable claim regarding the loan, the time has now come for judgment to enter for the defendants in 07-11437.

With no cognizable claims that can survive scrutiny in the specific litigation surrounding the Brockton property, Muckle nevertheless seeks to act essentially as a private attorney general with respect to the mortgage industry generally in 09-10678.  Because Muckle has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Section 1915(e)(2)(B) provides that the court may dismiss the case at any time if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

An *in forma pauperis* complaint may be dismissed *sua sponte* without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33

(1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).  That is the circumstance in 09-10678.

Despite Muckle's aggressive and messianic rhetoric, I find that to the extent he alleges the government defendants caused damages (in the form of foreclosures) while the defendants held public office, the claims are subject to dismissal because Muckle lacks the requisite standing to assert such claims.

A plaintiff has standing, as a federal taxpayer, to challenge governmental action only if the plaintiff meets the two requirements described in *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).  First, the suit must challenge congressional actions taken under the tax and spending clause of Art. I, § 8, of the U.S. Constitution. <u>Cohen</u>, 392 U.S. at 102, 88 S.Ct. at 1953; *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 227-28, 94 S.Ct. 2925, 2935-36, 41 L.Ed.2d 706 (1974). Second, the taxpayer must show that the congressional action exceeded specific constitutional limitations imposed upon the exercise of the taxing and spending power.  *Valley Forge College v. Americans United*, 454 U.S. 464, 479, 102 S.Ct. 752, 761, 70 L.Ed.2d 700 (1982), citing *Cohen*, 392 U.S. at 102-03, 88 S.Ct. at 1953-54.

Here, Muckle lacks standing because he does not challenge any identifiable congressional enactment, but rather, to the

degree his complaint is comprehensible at all, attacks the decisions by officers of the federal and state executive branches.  The Supreme Court in *Cohen* limited taxpayer standing to challenges directed "only [at] exercises of congressional power." *Cohen*, 392 U.S. at 102, 88 S.Ct. at 1953.

Moreover, in order to possess standing, a plaintiff must allege "distinct and palpable" injuries to himself. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).  A plaintiff must have a personal stake in the outcome. *Schlesinger, supra*, 418 U.S. at 225-26, 94 S.Ct. at 2934-35. Standing may not be predicated upon an interest held generally by the public because an injury to all citizens is necessarily abstract in nature.  *Bell v. City of Kellogg*, 922 F.2d 1418, 1423 (9th Cir. 1991), *citing Schlesinger*, *supra*, 418 U.S. at 220, 94 S.Ct. at 2931.  Motive or sincerity of commitment to the cause is irrelevant to the inquiry.  *Id.* 418 U.S. at 225-26, 94 S.Ct. at 2934-35.

Here, Muckle's allegations that he is federal taxpayer and citizen are insufficient to establish the injury requirement. *Schlesinger*, *supra*, 418 U.S. at 220, 94 S.Ct. at 2931.  Muckle's challenge is essentially a statement of dissatisfaction with various political decisions by the executive branches of the federal and state governments.  Consequently, I find that the he

lacks standing to pursue claims against the defendants in 09-10678.

For the reasons set forth more fully above, the Clerk is directed to enter judgment for the defendants in 07-11437 and dismiss 09-10678.


**/s/ Douglas P. Woodlock**
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE